### LONG et al. v. LONG.
### No. 3439.

Court of Civil Appeals of Texas. El Paso.
May 18, 1939.

Rehearing Denied June 8, 1939.

Conforming to mandate of Supreme Court, 125 S.W.2d 1034.

Fred Minor, of Denton, and W. F. Bane and Storey, Sanders, Sherrill & Armstrong, .all of Dallas, for appellants.

Thompson, Knight, Baker, Harris & Wright, of Dallas, for appellee.

WALTHALL, Justice.

In this case the Supreme Court granted a writ of error and in the opinion, to which we refer without quoting therefrom at length, the Court holds that this Court, in sustaining the assignments of Frank O. Long, et al., contending that the record contains no evidence to support the jury's finding of undue influence, "committed error in its finding of no evidence, and in its rendition of this case," and therefore ordered that the judgment of this Court reversing the judgment of the district court and rendering judgment for Frank O. Long, et al., be reversed and remanded to this Court with instructions to pass on assignments of plaintiffs raising the question of the insufficiency of the evidence to support the jury's finding of undue influence, the jury, on the trial of the case, having found that Mrs. Martha I. Long was caused to sign the will here in question through undue influence exerted upon her mind and will by her son, Frank O. Long. 125 S.W.2d 1034, 1037.

The Supreme Court, after referring to and commenting upon some of the pertinent facts in the case, said: "We think that the above facts constitute some evidence of undue influence."

The reference in the opinion of the Supreme Court to the finding made by this Court of "no evidence," and which the Court held was error, is to that portion of the opinion of this Court in which it is said [98 S.W.2d 236, 239]: "We have found no evidence in the record in this case, direct or circumstantial, exerted by Frank O. Long or any other person, prior to the writing of the present will, or at the time of the execution of the will, which, in our opinion, amounts to such coercion as to destroy or avoid the will." It seems evident that the words "no evidence" have reference to "such coercion as to destroy or avoid the will."

We had discussed undue influence in the opinion at some length, holding in effect that in our opinion it must amount to such coercion as to destroy or avoid the will.

We said also that "all propositions submitted by appellants, and those submitted by appellee on cross-assignment and not discussed, have been considered and are overruled."

We have said this much in order to say that we are uncertain as to what assignments of the plaintiffs we are now to pass on "raising the question of the insufficiency of the evidence," as we understand, on the issue of undue influence. That is the only issue we discussed in the opinion.

But if we are in error in so holding, and the evidence is sufficient to justify and sustain the finding of the jury on the issue of undue influence and the judgment of the trial court based thereon, as suggested by the Supreme Court, in deference to that opinion we have concluded that it would be useless to remand the case to the trial court, and that it would be best for the estate to now enter judgment in favor of appellee, which we do.

Judgment of the lower court is affirmed.

## On Rehearing.

In the opinion of the Supreme Court in this case, Long v. Long, 125 S.W.2d 1034, it is said: "In this regard, we think that Frank O. Long's actions with reference to having this will drawn can be considered with tremendous force against him, and against the will."

At another place in the opinion it is said: "Taking the case as a whole, we are of the opinion that this record presents a fact issue."

From the expressions quoted, and considering the opinion as a whole, it is to us evident the Supreme Court was of the opinion the evidence in this case was abundantly sufficient to sustain the findings of the jury in appellee's favor upon the issue of undue influence. In deference to the apparent view of the Supreme Court, as stated, we therefore overrule all assignments of error in anywise questioning the sufficiency of the evidence to sustain the findings of the jury upon the issue stated.

The motion for rehearing is overruled.